IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 7 |
| DOUGLAS A. THEBES, | * | |
|     Debtor | * | |
| | * | Case No. 1:10-bk-03302 MDF |
| COMMONWEALTH OF | * | |
| PENNSYLVANIA, DEPARTMENT | * | |
| OF ENVIRONMENTAL PROTECTION, | * | Adv. No. 1:10-ap-00365 MDF |
|     Plaintiff | * | |
| | * | |
|     v. | * | |
| | * | |
| DOUGLAS A. THEBES, | * | |
|     Debtor/Defendant | * | |

## OPINION[1]

In the above-captioned adversary proceeding, the Commonwealth of Pennsylvania Department of Environmental Protection ("DEP") seeks a declaration under 11 U.S.C. § 523(a)(7) that certain debts incurred by Douglas A. Thebes ("Debtor") are nondischargeable.

On April 10, 2010, Debtor filed a petition for bankruptcy under Chapter 13. The case was subsequently converted to Chapter 11. Upon the Debtor's motion, the case was converted to Chapter 7 on January 10, 2011. On October 4, 2010, DEP filed a Complaint to Determine Dischargeability of Debt. In the complaint, DEP seeks a determination from this Court that a civil penalty of $5,700,000 assessed against Debtor for violation of certain state environmental protection laws is excepted from discharge under 11 U.S.C. § 523(a)(7). Debtor answered the complaint on November 1, 2010. Before me is the motion for summary judgment filed by DEP

---

[1] Drafted with the assistance of Alexander Rafael Perez, Law Clerk.

requesting judgment in their favor. For the reasons that follow, DEP's motion for summary judgment will be granted.[2]

### I. Procedural History and Factual Findings

DEP is responsible for administering and enforcing the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, as amended, 35 P.S. §§ 6018.101-6018.1003 ("SWMA"), and its accompanying regulations. DEP is a "governmental unit" as defined in 11 U.S.C. § 101(a)(27) and is a "creditor" as defined in 11 U.S.C. § 101(a)(10).

At issue is a civil penalty assessed against Debtor and others for violations of the SWMA related to the operation of an illegal landfill. Debtor, Christopher R. Thebes, and Frederick D. Thebes ( collectively, the "Thebes Family")[3] are the owners of a 58-acre parcel of land in Perry County, Pennsylvania. Frederick D. Thebes is the sole owner of an adjacent parcel of approximately 93 acres. Collectively, these parcels will be referred to as the "Thebes Site." Before 1990, a portion of the Thebes Site had been permitted for use as a landfill by the Commonwealth. However, from April 10, 1990 until May 26, 2006, the Thebes Family dumped or deposited solid waste on the Thebes Site or permitted others to dump or deposit solid waste on the site without state authorization.

On May 4, 2007, DEP issued a Clean Up Order to the Thebes Family, Dynamite Disposal, Inc., and Fred D. Thebes and Sons, Inc. On October 3, 2007, DEP imposed a Civil

---

[2]This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b), 11 U.S.C. § 523(a)(7), and Fed. R. Bankr. P. 7001. This is a core proceeding under 28 U.S.C. § 157(b)(2).

[3]Christopher R. Thebes is Debtor's brother and Frederick D. Thebes is Debtor's father.

2

Penalty Assessment under SWMA on the Thebes Family and the two companies in the amount of $5,731,448 for the following violations[4]:

| Violation | Penalty |
|---|---:|
| 1. Dumping or depositing of waste onto the ground, pursuant to 35 P.S. §§ 6018.201(a), 501(a), 610(1), (4) | $1,025,000 |
| 2. Ownership or operation of unlawful disposal facility, pursuant to 35 P.S. §§ 6018.201(a), 501(a), 610(2), and (9); 25 Pa. Code § 271.101 | $2,900,000 |
| 3. Unlawful transportation of solid waste, 35 P.S. §§ 6018.201(a), 6018.610(6); 25 Pa. Code § 285.215(b) | $1,025,000 |
| 4. Failure to comply with Department Order, 35 P.S. §§ 6018.603, 610(9) | $750,000 |
| 5. Assessment for administrative and inspection costs | $31,448 |
| | Total: $5,731,448 |

Debtor is jointly and severally liable with the other defendants for the assessed civil penalties. Following the action by DEP, Debtor and the other respondents filed an appeal with the Pennsylvania Environmental Hearing Board (the "EHB"), which held an evidentiary hearing on October 6, 2009. On May 13, 2010, the EHB issued an Adjudication and Order upholding the Clean Up Order as well as the Civil Penalty Assessment. *See Christopher R. Thebes et al. v. Commonwealth of Pa. Dep't of Envirn. Prot.*, Docket No. 2007-144-L, 2010 Pa. Envirn. LEXIS 42 (Pa. EHB May 13, 2010). No further appeal was taken from the EHB's Adjudication and Order.

---

[4]Included in this figure is an assessment by the DEP of $31,448 for administrative and inspection costs. DEP does not include this assessment in the civil penalties that it seeks to have deemed as nondischargeable.

## II. Discussion

*A.     Summary Judgment Standard*

Federal Rule of Civil Procedure, made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, permits this Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In reviewing a motion for summary judgment, the facts and all reasonable inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986); *P.N. v. Clementon Bd. Of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any' which [it] believes demonstrate the absence of genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial.[5] *See* Fed. R. Civ. P. 56(e)(2). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party.

---

[5]Though an extension of time for filing a brief was requested by Debtor and granted by the Court, no brief in response to the DEP's motion for summary judgment has been filed on behalf of Debtor.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There must be a genuine issue of material fact to preclude summary judgment. *Id.*

    B.    *Claims non-dischargeable under 11 U.S.C. § 527(a)(7)*

A creditor bears the burden of proving the nondischargeability of a debt under § 523(a). *Insurance Co. of North America v. Cohn (In re Cohn)*, 54 F.3d 1108, 1114 (3d Cir. 1995); *Kish v. Farmer, (In re Kish)*, 238 B.R. 271, 283 (Bankr. D. N.J. 1999). A creditor must prove nondischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287-88 (1991). "Exceptions to discharge are strictly construed against the objecting creditor and liberally in favor of the debtor." *Arizona v. Ott (In re Ott)*, 218 B.R. 118, 121 (Bankr. W.D. Wa. 1998) (citing *In re Bugna*, 33 F.3d 1054, 1059 (9th Cir. 1994)).

DEP contends that the civil penalty assessed against Debtor is excepted from discharge pursuant to § 523(a)(7). Section 523(a)(7) of the Bankruptcy Code provides as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt-
>> (7) to the extent such a debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss other than a tax penalty-

11 U.S.C. § 523(a)(7).

Thus, for a debt to be held nondischargeable pursuant to this provision it must be: (1) for a "fine, penalty, or forfeiture;" (2) "payable to and for the benefit of a governmental unit;" and (3) "not compensation for actual pecuniary loss." *Ohio v. Kirby (In re Kirby)*, 2007 Bankr. LEXIS 2966, *8-9 (Bankr. N.D. Ohio 2007); *see also Kelly v. Robinson*, 479 U.S. 36, 37 (1986); *City of Philadelphia v. Gi Nam (In re Gi Nam)*, 273 F.3d 281, 285-86 (3d Cir. 2001). Section 523(a)(7) imposes the same standard on criminal and civil penalties. *United States HUD v. Cost*

5

*Control Mktg. & Sales Mgmt.*, 64 F.3d 920, 927-8 (4th Cir. 1995); *Whitehouse v. LaRoche*, 277 F.3d 568, 573 (1st Cir. 2002).

Debtor does not contest the first two elements. It is undisputed that the debts in question are civil penalties owed to a governmental unit and are payable to and for the benefit of that governmental unit.[6] Essentially, Debtor objects only to the applicability of the third element. Debtor contends that the civil penalties are "compensation for actual pecuniary loss" and for future pecuniary losses and, therefore, are not excepted from discharge under § 523(a)(7).[7]

In determining whether a civil penalty is compensation for actual pecuniary loss, courts generally consider: (1) whether calculation of the penalty bears any relationship to the costs incurred by the government; (2) whether the penalty collected must be used to mitigate the particular damage caused by the violation; and (3) whether the government suffered any actual pecuniary loss. *In re Kirby*, 2007 Bankr. LEXIS 2966 at *8; *U.S. v. Jones (In re Jones)*, 311 B.R. 647, 651 (Bankr. M.D. Ga. 2004); *In re Ott*, 218 B.R. at 121. These factors will be applied to the undisputed facts to determine whether the civil penalty imposed in the within case is for actual pecuniary loss.

*(1) Relationship between the civil penalty and costs incurred by the government*

As to the first factor, the civil penalties imposed by DEP bear no relationship to the costs incurred by the Commonwealth. The SWMA lays out factors that DEP is to consider in assessing

---

[6]The term "governmental unit," as defined in the Bankruptcy Code, incorporates state departments and agencies. 11 U.S.C. § 101(a)(27)

[7]As Debtor has not filed a brief in response to the DEP's motion for summary judgment, the Debtor's arguments against the motion are liberally construed from the Debtor's answer to the complaint.

civil penalties. "In determining the amount of the penalty, the department shall consider the willfulness of the violation, damage to air, water, land or other natural resources of the Commonwealth or their uses, cost of restoration and abatement, savings resulting to the person in consequence of such violation, and other relevant factors." 35 P.S. § 6018.605. DEP may assess a penalty of up to $25,000 per violation of any provision of the SWMA or its regulations. *Id.* The statutory factors have been further interpreted through regulations promulgated by DEP. *See* 25 Pa. Code § 271.412 (listing factors); 25 Pa. Code § 271.413 (setting minimum penalties).

Guided by the SWMA and its regulations, DEP uses an internal document titled Department's Calculation of Civil Penalties Guidance (the "Guidance Document") to standardize the calculation of specific penalties. This directive identifies the procedures to be used to determine the amount of the civil penalty to be assessed when it determines that imposition of a penalty is appropriate under the statute.

In an affidavit attached in support of the motion for summary judgment, Edward Galovich ("Galovich"), the Solid Waste Supervisor for DEP's Southcentral Regional Office who inspected the Thebes Site, described how he used the Guidance Document to calculate DEP's Civil Penalty Assessment of October 3, 2007. Excerpts from the hearing held October 6, 2009 before the EHB were attached as exhibits to his affidavit in which Galovich explained the conditions at the Thebes site and the factors used in assessing the penalties. Galovich testified that the penalties were calculated using the following factors: degree of severity of incident caused by the violation, costs incurred by the Commonwealth, savings to the violator, degree of willfulness, promptness of reporting the incident, past history of violations, duration of the violation, and deterrence. He further explained the application of these factors to each violation. Of particular

7

Case 1:10-ap-00365-MDF    Doc 14    Filed 03/29/11    Entered 03/30/11 13:34:32    Desc
Main Document    Page 7 of 11

importance to Galovich's calculation were the knowing and willful behavior of Debtor and others and the numerous occurrences and length of the violations. The EHB affirmed DEP's assessment of the civil penalties as both reasonable and lawful. *See Thebes*, 2010 Pa. Envirn. LEXIS 42 (Pa. EHB May 13, 2010).

The Civil Penalty Assessment specifically delineated administrative and inspection costs incurred by DEP, which DEP admits are dischargeable. Galovich's affidavit states that all costs incurred as of the date of the assessment were included in a separate $31,448 penalty and that the other civil penalties did not include any costs of remediation or abatement at the Thebes Site. Considering the separate penalty for costs incurred by DEP, the civil penalties are not a proxy for actual costs incurred by DEP.[8]

> (2) *Use of the penalty collected to mitigate the particular damage caused by the violation*

As to whether the civil penalties must be used to remediate damages at the Thebes Site, nothing in the judgment against the Debtor directs these funds be used for this purpose. Indeed, all civil penalties collected under the SWMA are paid into a special fund known as the Solid Waste Abatement Fund ("Fund") for use in abatement and remediation measures at sites across the Commonwealth of Pennsylvania. 35 P.S. § 6018.701(a). Further, the statute does not provide for civil penalties paid into the Fund to be earmarked for use at specific sites. *See id.* The statutorily permitted uses of the Fund are broad and general. While it is possible that the civil penalties paid into the Fund by the Debtor will accrue to the remediation efforts at the Thebes Site, there is no way to trace such funds. Here, there is no statutory, regulatory, or court ordered

---

[8]Administrative and inspection costs were calculated by multiplying the hourly rates for certain DEP employees times the amount of time spent on matters related to the Thebes Site.

8

Case 1:10-ap-00365-MDF    Doc 14    Filed 03/29/11    Entered 03/30/11 13:34:32    Desc
Main Document    Page 8 of 11

requirement that the civil penalties assessed to Debtor by DEP be used in any way to remediate the Thebes Site.[9]

>    (3)    *Actual pecuniary loss by the government*

The government has suffered actual pecuniary loss; however, as previously noted, DEP does not seek to have civil penalties related to said costs excepted from discharge. Section 613 of the SWMA, 35 P.S. § 6018.613, provides statutory authority for DEP to file a cost recovery action for abatement costs. A review of the Civil Penalty Assessment shows that DEP did not seek cost recovery pursuant to this provision. Instead, it assessed penalties pursuant to the civil penalty section, 35 P.S. § 6018.605.

At the time of the assessment of the civil penalties, DEP admits that it expended $31,448 on inspection and administrative costs surrounding the Thebes Site. No other portion of the remaining civil penalties could have been for *actual* pecuniary loss, as no other losses had been calculated. *See In re Jones*, 311 B.R. at 650 ("The term 'actual pecuniary loss' clearly connotes measurable damages from particular instances of wrongdoing … .") (quoting *In re Kish*, 238 B.R. at 285). There is no evidence in the extensive record of the hearing before the EHB that the anticipated future costs of remediation at the Thebes Site were considered when the civil penalties were calculated.

Section 523(a)(7) excepts from discharge civil and criminal penalties that serve a "punitive" or "rehabilitative" purpose, rather than serve as compensation to the government.

---

[9]Debtor has admitted that the funds will not be specifically applied to remediate the costs at the Thebes Site in his appeal to the EHB in which he complained that penalty amounts would not be applied to satisfying costs incurred at the site. *Thebes*, 2010 Pa. Envirn. LEXIS 42, at *44 (Pa. EHB May 13, 2010).

9

*Whitehouse v. LaRoche*, 277 F.3d 568, 573 (1st Cir. 2002). The EHB's May 13, 2010 Adjudication upholding the civil penalty assessment against Debtor and others clearly sets forth the five areas in which penalties were imposed. The penalties assessed for unlawful disposal and unlawful transport were assessed at $25,000 per violation; the unpermitted landfill was assessed on a weekly basis at $6250 per week; and non-compliance with the DEP Order was assessed at $6250 per week. *Thebes*, 2010 Pa. Envirn. LEXIS 42, at *44 (Pa. EHB May 13, 2010). The calculation of the penalties in this manner supports a finding that they are punitive in nature and not compensatory. The punitive characteristics of the penalties are also evident in the EHB's review of the reasonableness of the penalties.

> Without consideration of the environmental legacy left behind, the Thebeses systematically deposited and hid a staggering quantity of municipal, medical, asbestos, and construction waste on their property in close proximity to neighboring homes, schools, and public water supplies. They betrayed the trust of the public who purchased Dynamite Disposal bags to do their part to ensure the proper management of their waste. Each of the Appellants participated both directly and through their agents in the entirety of the unlawful process over the course of many years. There has never been any doubt that the Thebeses were fully aware they were violating the law and they purposely worked to conceal those violations. The damage to the environment is severe and lasting. . . . Having admitted their liability, the Thebeses, nevertheless, have failed to comply with the Department's order to clean up the site.

*Id.* at *60-61.

In conclusion, the civil penalties assessed by DEP and subject to this adversary complaint are not compensation for actual pecuniary loss suffered the Commonwealth. The civil penalties assessed against Debtor meet all of the criteria to be excepted discharge pursuant to § 523(a)(7). Even if the facts are taken in the light most favorable to Debtor, DEP is entitled to judgment as a matter of law. Debtor has failed to rebut DEP's motion by indicating a triable issue of fact with

10

Case 1:10-ap-00365-MDF    Doc 14    Filed 03/29/11    Entered 03/30/11 13:34:32    Desc
Main Document    Page 10 of 11

regard to the nature of the civil penalties. Summary judgment in favor of DEP is, therefore, appropriate.

### III. Conclusion

For the reasons set forth above, DEP's motion for summary judgment is granted. Judgment is entered in favor of plaintiff and against the defendant. An appropriate order will follow.

**By the Court,**

_____
Mary D. France
Chief Bankruptcy Judge

Date: March 29, 2011

11

Case 1:10-ap-00365-MDF    Doc 14    Filed 03/29/11    Entered 03/30/11 13:34:32    Desc
Main Document    Page 11 of 11